IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

STEVEN GONZALEZ-DIAZ, et al.,

   Plaintiffs,

v.

UP STAGE INC., et al.

   Defendants.

CIVIL NO. 11-1689 (GAG)

**OPINION AND ORDER**

On July 15, 2011, Steven Gonzalez-Diaz ("Plaintiff"), his wife and their conjugal partnership brought this suit based on diversity of citizenship against numerous defendants claiming compensation for physical damages when scaffolding collapsed and injured Plaintiff. Among the defendants was UpStage Inc. ("UpStage"), the entity that installed the scaffolding. (See Docket No. 1 at ¶¶ 38-40.) UpStage filed a third-party complaint (Docket No. 21) against the manufacturer of the scaffolding and its insurer, Safway Services, LLC ("Safway") and Cooperativa de Seguros Multiples ("Cooperativa"), respectively. (See id. at ¶¶ 6-13.) Presently before the court is Safway and Cooperativa's motion to dismiss for lack of personal jurisdiction. (See Docket No. 27.)

**I.   Legal Standard under Rule 12(b)(2)**

"The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful contacts, ties, or relations." Burger King Corp. V. Rudzewicz, 471 U.S. 462, 471-72 (1985) (citations omitted) (internal quotations omitted). Therefore, it is imperative that "in order for a court to be able to make a binding decision, the court must have personal jurisdiction over each party to the case." Salgado-Santiago v. American Baler Co., 394 F. Supp. 2d 394, 399 (D.P.R. 2005). The plaintiff bears the burden of demonstrating the court has jurisdiction over every defendant. See Boit v. Gar-Tec Products, Inc.,

**Civil No. 11-1689 (GAG)**

967 F.2d 671, 674 (1st Cir. 1992).

The plaintiff is required to establish sufficient facts to satisfy both the forum's long-arm statute, as well as the Due Process Clause of the Constitution. See U.S. v. Swiss American Bank, Ltd., 274 F.3d 610, 618-19 (1st Cir. 2001). If the court rules on a motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing, the court employs the *prima facie* standard. See id. at 618. The plaintiff may make such a showing through properly supported proffers of evidence. See id. Puerto Rico's long-arm statute, P.R. Laws Ann. tit. 32 app. III, Rule 4.7, "extends personal jurisdiction as far as the Federal Constitution permits." Pritzker v. Yari, 42 F.3d 53, 60 (1st Cir. 1994). Therefore, the court focuses its analysis on whether the exercise of personal jurisdiction in this case would abide by constitutional guidelines.

Where the defendant's contacts are not sufficiently continuous and systematic to provide general jurisdiction, the court determines whether the forum can hold specific or *in personam* jurisdiction. The constitutional limits for the exercise of *in personam* jurisdiction over an-out-of state defendant were established in Int'l Shoe Co. v. Washington, 326 U.S. 310 (1945). Said constitutional limits require "that the foreign defendant's activities had to establish sufficient contacts or ties with the forum state, so as to make it reasonable and just, according to our traditional conceptions of justice, to permit the state to enforce the obligations which the defendant may have incurred there." Rivera Torres v. Resort World of Orlando, 359 F. Supp. 2d 31, 33 (D.P.R. 2005) (citing Int'l Shoe, 326 U.S. at 320). The First Circuit has adopted a tripartite test to determine specific jurisdiction:

> First, the claim underlying the litigation must directly arise out of, or relate to, the defendant's forum-state activities. Second, the defendant's in-state contacts must represent a purposeful availment of the privilege of conducting activities in the forum state, thereby invoking the benefits and protections of that state's laws and making the defendant's involuntary presence before the state's courts foreseeable. Third, the exercise of jurisdiction must, in light of the Gestalt factors, be reasonable.

United Elec., Radio and Mach. Workers of America v. 163 Pleasant Street Corp., 960 F.2d 1080, 1089 (1st Cir. 1992).

**II.    Discussion**

**Civil No. 11-1689 (GAG)**

As no discovery, jurisdictional or otherwise, has taken place in this case, the court merely requires UpStage to meet the *prima facie* showing of jurisdiction. To do so, Upstage points to the signed rental agreement between itself and Safway, as well as the credit application and agreement to demonstrate Safway's contacts within the jurisdiction of Puerto Rico. (See Docket Nos. 36-2, 36-4.) These documents indicate UpStage's address in Puerto Rico and pertain to the renting of the equipment that allegedly caused Plaintiff's injuries. The rental agreement states the equipment was to be used in Puerto Rico for the "Commonwealth Games." (See Docket No. 62-6 at 5.) Within the credit application, all of UpStage's 'Trade References' consist of businesses based in Puerto Rico. (See 36-4 at 3.)

This proffer of evidence meets the *prima facie* standard for holding jurisdiction over Safway. The documents proffered demonstrate Safway rented the alleged offending equipment to UpStage for use in Puerto Rico. Safway purposefully availed itself of Puerto Rico laws by transacting business within the state. Requiring Safway to defend itself in Puerto Rico is fair and reasonable under the circumstances.

### III. Conclusion

Having met the First Circuit test under the more relaxed *prima facie* standard, the court **DENIES WITHOUT PREJUDICE** Safway's motion to dismiss at Docket No. 27. If once discovery is concluded, Safway believes the evidence does not support jurisdiction, it may re-file its motion to dismiss for lack of personal jurisdiction.

**SO ORDERED.**

In San Juan, Puerto Rico this 3rd day of July 2012.

*s/ Gustavo A. Gelpí*
GUSTAVO A. GELPI
United States District Judge