IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

STEVEN GONZALEZ-DIAZ, et al.,

    Plaintiffs,

v.

UP STAGE INC., et al.

    Defendants.

CIVIL NO. 11-1689 (GAG)

**OPINION AND ORDER**

    On July 15, 2011, Steven Gonzalez-Diaz ("Plaintiff"), his wife and their conjugal partnership brought this suit based on diversity of citizenship against numerous defendants claiming compensation for physical damages when scaffolding collapsed and injured Plaintiff. Among the defendants was UpStage Inc. ("UpStage"), the entity that installed the scaffolding. (See Docket No. 1 at ¶¶ 38-40.) UpStage filed a third-party complaint (Docket No. 21) against the manufacturer of the scaffolding and its insurer, Safway Services, LLC ("Safway") and Cooperativa de Seguros Multiples ("Cooperativa"), respectively. (See id. at ¶¶ 6-13.) Presently before the court is UpStage and Cooperativa's motion to dismiss for lack of subject matter jurisdiction. (See Docket No. 82.) On September 20, 2013, the court held an evidentiary hearing to determine whether Plaintiff's domicile at the time he filed the complaint. The court made its ruling from the bench and memorializes that ruling in this opinion.

**I.    Legal Standard under Rule 12(b)(1)**

    Federal courts are courts of limited jurisdiction and cannot hear cases for which they do not have subject matter jurisdiction. See Am. Fiber & Finishing v. TYCO Healthcare Grp., LP., 362 F.3d 136, 138-39 (1st Cir. 2004). Federal courts have subject matter jurisdiction over diversity cases when there is both complete diversity between the plaintiffs and the defendants, and the amount in controversy is met. 28 U.S.C. § 1332(a); see Am. Fiber & Finishing, 362 F.3d at 139. Diversity is

**Civil No. 11-1689 (GAG)**

1. determined at the time the complaint is filed. See Valentin v. Hosp. Bella Vista, 254 F.3d 358, 361
2. (1st Cir. 2001) (citing Bank One v. Montle, 964 F.2d 48, 49 (1st Cir. 1992)). To properly invoke
3. the court's diversity jurisdiction pursuant to 28 U.S.C. 1332, the parties must be completely diverse
4. and the action is for more than $75,000. See Picciotto v. Cont'l Cas. Co., 512 F.3d 9, 17 (1st Cir.
5. 2008). Failure to demonstrate complete diversity between the parties results in dismissal.

**II.  Discussion**

The court elicited testimony from Plaintiff at the hearing by asking questions regarding Plaintiff's personal situation after the accident and his intention as to staying in Puerto Rico. It is undisputed that Defendants are considered citizens of Puerto Rico, the only question involves Plaintiff's domicile at the time of filing the complaint. While the facts present a difficult question to resolve, the court determined Plaintiff's state of domicile was Florida at the time of filing the complaint. Plaintiff testified he was living in Orlando, Florida when he traveled to Puerto Rico to work the Caribbean Games. After the accident he stayed in Puerto Rico to receive treatment from the State Insurance Fund. He received both physical therapy as well as psychological treatment due to the trauma sustained from the accident. During this treatment he stayed at his mother's house in Ponce, Puerto Rico. Plaintiff does not pay rent or mortgage payments, taxes or vote in Puerto Rico. Plaintiff's two vehicles were registered in Florida and were repossessed by the bank when he failed to make timely payments after the accident. He remains a registered voter of Florida and keeps his bank accounts there as well.

In January 2013, Plaintiff registered for a Puerto Rico driver's license because his Florida license expired. He does not own a car in Puerto Rico. Plaintiff accepted a few limited employment gigs since his accident, but none were long-term or substantial. Plaintiff does not belong to any clubs, community groups or associations in Puerto Rico.

Most tellingly, Plaintiff stated he intention was and remains to return to Florida upon completion of his rehabilitation and this suit. At the time of filing the complaint, Plaintiff was physically present in Puerto Rico, but did not intend to stay. His intention was to return to Florida

**Civil No. 11-1689 (GAG)**

as evidenced by Plaintiff keeping most of his possessions, bank accounts, and official documents in Florida. His three children all live in Florida and the court found his testimony to continue to be domiciled in Florida -where he has resided since the early 1980's- to be credible. For these reasons, the court **DENIED** Defendants' motion to dismiss for lack of diversity.

**III.    Conclusion**

Having heard Plaintiff's testimony in court, the court determines Plaintiff was domiciled in Florida at the time the complaint was filed, and, therefore, **DENIES** Defendants' motion to dismiss at Docket No. 82.

**SO ORDERED.**

In San Juan, Puerto Rico this 23rd day of September 2013.

*s/ Gustavo A. Gelpí*

GUSTAVO A. GELPI
United States District Judge