IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

STEVEN GONZALEZ-DIAZ, et al.,

    Plaintiffs,

v.

UP STAGE INC., et al.

    Defendants.

CIVIL NO. 11-1689 (GAG)

**OPINION AND ORDER**

    On July 15, 2011, Steven Gonzalez-Diaz ("Plaintiff"), his wife and their conjugal partnership brought this suit based on diversity of citizenship against numerous defendants claiming compensation for physical damages when scaffolding collapsed and injured Plaintiff. Among the defendants was UpStage Inc. ("UpStage"), the entity that installed the scaffolding. (See Docket No. 1 at ¶¶ 38-40.) UpStage filed a third-party complaint (Docket No. 21) against the manufacturer of the scaffolding and its insurer, Safway Services, LLC ("Safway") and Cooperativa de Seguros Multiples ("Cooperativa"), respectively. (See id. at ¶¶ 6-13.) Pending before the court is Safway's motion for summary judgment. (Docket No. 102.) Safway seeks the dismissal of the third party complaint. Safway asserts UpStage did not use the scaffolding components and equipment rented from Safway in a manner that they could have foreseen. Furthermore Safway contends that the scaffolding structure was not designed or erected according to the standards issues by the Occupational Safety and Health Administration ("OSHA").[1]  Id. at 2. UpStage and Cooperativa opposed Safway's motion. (Docket No. 108.) Safway replied. (Docket No. 114.)

    According to the evidence on record, a genuine issues of material facts arise from the parties' submissions. Therefore, the court **DENIES** Safway's motion for summary judgment at Docket No.

---

[1] In its Opposition, UpStage explicitly waives its causes of action for breach of express and implied warranty. (See Docket No. 108.) The court notes UpStage's waiver and dismisses the claims.

**Civil No. 11-1689 (GAG)**

102. The court explains its determination as follows.

To start, the record evidence points to show that the parties are in disagreement as to whether or not a construction permit issued by Commonwealth authorities was required to install the scaffolding structure that allegedly caused the accident that led to the filing of the instant case. (Docket Nos. 102-2 ¶ 18; 108-1 ¶ 18.) Safway argues that Puerto Rico law requires the permit. To that extent, Plaintiff's expert witness asserts that the accident alleged in the complaint would have occurred even if UpStage had previously obtained the necessary permits. (Docket No. 102-2 ¶ 68.) UpStage contends that for that specific scaffolding structure, Puerto Rico law does not require a permit. (Docket No. 108-1 ¶ 18.) The record evidence does not allow the court to determine whether a construction permit was required or not.

Wilfredo Negron ("Negron") is the scaffolding director for Linde Gas Puerto Rico, distributor of Safway's products in Puerto Rico. (Docket No. 102-2 ¶¶ 6 & 9.) Parties provide contradicting arguments regarding the adequacy of Negron's inspection of the site. The inspection of the site is relevant to all claims. Safway contends Negron evaluated the scaffold loads, but never formally inspected the site nor did he examine how the planks were installed and fastened. (Docket No. 102-2 ¶¶ 22 & 25.) By pointing towards the defective installation of the scaffolding structure, Safway tries to tip liability towards UpStage, and further away from any possible manufacturing issue. UpStage contends that Negron did a visual inspection of the site once the scaffolds were installed and gave his approval. (Docket No. 108-1 ¶ 22.) UpStage further argues that Safway's failure to train caused Negron's defective inspection. Safway, on the other hand, contends that any error that occurred in design or installation is related to UpStage's failure to comply with OSHA's regulations regarding the necessary qualifications of their staff. Whether or not the UpStage staff that designed and installed the scaffoldings fall within OSHA standards of "qualified or competent person" is also key to UpStage's third party claims. However, Safway, despite moving for summary judgment, points to an issue of fact by asserting that even Upstage's expert witness was unable to precise if their own staff was qualified within OSHA standards. (Docket No. 102-2 ¶ 37.) An issue

**Civil No. 11-1689 (GAG)**

of fact, thus, exists as to UpStage's compliance with OSHA regulations. This issue preempts summary judgment.

UpStage argues that Safway's failure to train ultimately led to the inadequate inspection of the planks object of this suit. (Docket No 108 at 25.) Furthermore, whether UpStage was in compliance with OSHA regulations is also material to the allegations against Safway. All three of these issues are in direct relation to the determination of Safway's foreseeability of the incident.[2] Said determination is indispensable to the tort claim. These issues transcend to the heart of the matter. The adequacy of Negron's training, UpStage's compliance with OSHA regulations, and if Negron's evaluation of the project site was thorough or not is not clear to the court. The court understands that this determination is an issue for the jury. This controversy directly affects the outcome of the present claim. The court finds that there is a genuine issue of material facts. This material factual dispute makes summary judgment improper.

Parties also point to different directions as to the adequacy of Safway's Safety guidelines. (Docket Nos. 102-2 ¶¶ 41-46; 108-1 ¶¶ 41-46.) On one side, Safway argues that its guidelines provide clear instructions and warnings that "would have allowed a [c]ompetent or [q]ualified [p]erson to immediately realize" the inherent dangers of that specific scaffolding structure. (Docket

---

[2] Under Puerto Rico law, the elements for a general torts claim are: "(1) evidence of physical or emotional injury, (2) a negligent or intentional act or omission (the breach of duty element), and (3) a sufficient causal nexus between the injury and defendant's act or omission (in other words, proximate cause)." Vazquez-Filippetti v. Banco Popular, 504 F.3d. 43, 49 (1st Cir. 2007); See Torres v. KMart Corp., 233 F.Supp.2d 273, 277-78 (D.P.R. 2002). Within the second and third prong lies the foreseeability element.

> [T]he negligent act is defined as a breach of the duty imposed or recognized by law, to act, as would a prudent and reasonable man, ... in order not to expose to foreseeable and unreasonable risks of damages, as a result of the actor's behavior, those persons who ... a prudent and reasonable man would have foreseen ... would be exposed to the unreasonable risk created by the actor. In other words, a person breaches the duty of reasonable care when his actions create reasonably foreseeable risks.

Vazquez-Filippetti, 504 F.3d. at 49 (internal quotations omitted). Woods-Leber v. Hyatt Hotels of P.R., 124 F.3d 47, 52 (1st Cir. 2007) ("The [ ] requirements [for a tort claim] cannot be satisfied unless the plaintiff proves, inter alia, that the injury was reasonably foreseeable (and, thus, could have been avoided had the defendant acted with due care.)").

**Civil No. 11-1689 (GAG)**

No. 102 at 15.) On the other hand, UpStage argues that Safway's guidelines are insufficient. Specifically, they contend that said guidelines fail to provide the necessary information in order for qualified persons could properly assess the dangers of the placement of the planks, for installation purposes. (Docket No. 108 at 18.) More so, they argue the guidelines were insufficient to warn the additional risks of the product when exposed to high winds, risk factor Safway knew or reasonably should have known.[3]

Each party provides expert witnesses reports in support of their conflicting arguments regarding Safway's Safety guidelines. (Docket Nos. 102-22; 109-6.) UpStage also relies on expert witness Ivan Biages to further argue that Safway knew of the inherent risk of its product when exposed to high winds or reasonably should have known. (Docket No. 102 at 7.) Safway's expert witness David Glabe, on the other hand, states that the safety guidelines provide sufficient notice for a "competent person", under OSHA standards, to evaluate the risk of the scaffolding structure. (Docket No. 102-2 ¶¶ 46-48.) Pursuant to the parties submissions, the court finds that a genuine issue of material facts exists as to the adequacy of Safway's guidelines. The contradicting evidence makes the court unable to make a determination as to this issue.[4]

The court finds that there is a genuine issue of material facts. This material factual dispute, as well as the others previously pointed out, make summary judgment improper. Accordingly, the court **DENIES** Safway's motion for summary judgment at Docket No. 102.

**SO ORDERED.**

---

[3] A products liability plaintiff alleging failure to warn must prove "(1) the manufacturer knew, or should have known of the risk inherent in the product; (2) there were no warnings or instructions, or those provided were inadequate; (3) the absence of warnings made the product inherently dangerous; (4) the absence of adequate warnings or instructions was the proximate cause of plaintiff's injury." Cruz Vargas v. R.J. Reynolds, 348 F.3d. 271, 276 (1st Cir. 2003) (quoting Aponte Rivera v. Sears Roebuck, 44 P.R. Offic. Trans. 7, 144 D.P.R. 830 (1998)).

[4] The court finds that both the negligence and the failure to warn claims are intertwined with the allegations of defective design therefore incorporates the finding of issues of fact as to the Safway's motion to dismiss defective design claim as well.

4

**Civil No. 11-1689 (GAG)**

In San Juan, Puerto Rico this 25th day of February 2014.

*s/ Gustavo A. Gelpí*

GUSTAVO A. GELPI
United States District Judge